### RAMOS vs. BRINGIER.

It is not a good ground of challenge to the array that more jurors were drawn, than the law directs.

A challenge to the poll of the individuals improperly drawn, is the legal remedy.

APPEAL from the court of the second district.

PORTER, J. delivered the opinion of the court. The issue joined in this case, was by the pleadings submitted to the country, and on a jury being called to try it, the defendant challenged the array, on the ground that 49 persons had been drawn and placed on the venire, instead of the number prescribed by law. The judge overruled the exception, and judgment

being given on the merits against the defendant, he appealed.

East'nDistrict.
*Feb.*1824.

RAMOS
*vs.*
BRINGIER.

In support of his objection, he has relied on the law, prescribing the mode of selecting jurors in our courts, which prescribes, "that, thirty days before each session of the court, the clerk of the district, in presence of two justices of the peace of the vicinity, shall draw out of the boxes, a number of ballots, proportionate to the number of individuals composing the list of the parish, so that the whole number shall amount to forty-eight. 2 *Martin's Dig.* 520.

The district judge, in the opinion delivered by him on the objection, seemed to consider that by the terms of the statute, a less number than 48, would not form a legal pannel, but there was nothing in it which prohibited a greater number from being drawn and summoned. In this opinion we are unable to concur. We think that neither more nor less can be selected—that the directions of the statute must be pursued. The policy of our law, on this subject, is to prevent as far as possible partiality in the selection of jurors, by depriving the persons who make it of any discretion in the choice, and compelling them to select

VOL. II. (N. S.) 25

by ballot.    It would be completely defeating this policy to sanction the course pursued in the present case.    For, if we were to hold that one more than the legal number could be added, we should on the same principle be obliged to say, that fifty or more additional persons might be selected ; by this means, place it in the power of the justices and the clerk, to continue drawing out names from the boxes, until they reached those whom they *wished* to make jurors, at the ensuing term of the court.

The next question is how this error is to be taken advantage of, and what are the effects of it on this particular case.    The counsel in the court below, considering that the drawing of one more than the number prescribed by law, rendered it impossible to select a legal jury out of the 48 who were properly chosen, challenged the array.    In this they were clearly mistaken ; had indeed the number been less than that directed by the statute, this would have been the proper exception, because it would have been impossible to have had a jury, such as the law had provided for suitors at that court.    The objection then would have been, that means were not afforded to make a proper choice, consequently the

East'nDistrict.
Feb. 1824.

RAMOS
vs.
BRINGIER.

party had a right to object to any and all who were presented, and this he could only do through a challenge to the array. But in the case before us, the exception has no such ground for its support. The whole number prescribed by the statute was rawn, the same persons were summoned, and attended as if the error of selecting an additional person had not been committed. What then was the injury? That a juror was added illegally to the list. What was the remedy? A challenge to the poll, if the individual thus improperly chosen were offered to try the case.

The opinion is supported by the following citations and authorities.

At common law, in civil cases, the sheriff might have returned above 24, if he pleased, and therefore by the statute of Westminster, 2, chap. 38, it is recited, That whereas the sheriffs were used to summon an unreasonable multitude of jurors, to the grievance of the people, it is advised that thenceforth in one assise no more shall be returned than twenty four. 3 Bac. Abr. 740.

Therefore, if twenty-five are returned, and the twenty-fifth is sworn and tried the cause it is bad; but it would be otherwise if the jury

East'n District.
Feb. 1824.

BRAMOS
vs.
BRINGIER.

was composed of twelve, taken from the first twenty-five. *Cro. James*, 647.

In this case, the record shows, that the 49th person was not put on the jury, but that twelve persons out of the first forty-eight, tried the issue. We are, therefore, clear there was no error in the proceedings, and that it is our duty to affirm the judgment of the district court, with costs.

*Dumoulin* for the plaintiff, *Randall* for the defendant.